UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LAWRENCE, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>          Defendants. | No. 2:16-cv-01278-KJM-CKD<br><br>ORDER |

This matter is before the court on the plaintiff's Motion to Remand the case to the San Joaquin County Superior Court. Pl.'s Mot., ECF No. 3. Defendant opposes the motion. Def.'s Opp'n, ECF No. 8. The court decides the motion after a hearing on September 2, 2016. As explained below, the court GRANTS plaintiffs' motion to remand in full.

**I. BACKGROUND**

Plaintiff worked for defendant as a train conductor in Stockton, California. Compl. ¶ 4 (exhibit one, attached to Decl. of Brian Plummer, ECF No. 3). On April 18, 2013 and February 28, 2014, plaintiff suffered on-the-job injuries, which he reported to defendant with a claim for damages. *Id.* ¶¶ 4-5, 21-26. On March 28, 2014, defendant fired plaintiff, citing plaintiff's alleged violations of BNSF rules as the reason. *Id.* ¶¶ 22-25.

On October 26, 2015, plaintiff filed this suit against defendant in state court, alleging four state law causes of action:

(1) Personal injury claim under the Federal Employers' Liability Act (FELA), for his April 18, 2013 on-the-job injury;

(2) Personal injury claim under FELA, for his February 28, 2014 on-the-job injury;

(3) A wrongful termination in violation of public policy claim;

(4) An intentional infliction of emotional distress claim.

On June 10, 2016, defendant removed this case to federal court. Notice of Removal, ECF No. 1. On July 7, 2016, plaintiff moved to remand the case back to state court. Pl.'s Mot. Remand, ECF No. 3. On August 12, 2016, defendant opposed. Def.'s Opp'n, ECF No. 8. On August 19, 2016, plaintiff replied. Pl.'s Reply, ECF No. 9.

In essence, plaintiff argues the federal court lacks jurisdiction over his case. Pl.'s Mot., ECF No. 3. There was some confusion in the removal papers about the basis for federal jurisdiction, but both party's briefs indicate federal question jurisdiction is the only potential federal jurisdictional hook in this case. See ECF Nos. 3, 8, 9. Defendant does not argue diversity jurisdiction. As such, the court considers only whether plaintiff's case invokes federal question jurisdiction under 28 U.S.C. § 1331.

## II. LEGAL STANDARD

### A. Removal and Remand

A defendant may remove a case from state court to the federal district court embracing the same location if that district court has original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). There are two primary bases for a federal court's subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court. 28 U.S.C. § 1447(c).

### B. Federal Question Jurisdiction

A claim invokes federal question jurisdiction when it falls within the categories of cases identified in 28 U.S.C. § 1331. Section 1331 vests federal district courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In other words, when a claim is based on federal law, section 1331 "arising under"

jurisdiction attaches. This federal jurisdictional hook, however, must be contained in the complaint itself. This longstanding principle is known as the well-pleaded complaint rule. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Defendants cannot rely on anticipated federal defenses or counterclaims to establish federal question jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983).

In rare instances, federal "arising under" jurisdiction may adhere in an action in which the plaintiff does not rely on federal law on the face of his complaint. This alternative invocation of federal jurisdiction occurs only when a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of Cal.*, 463 U.S. at 13. The mere existence of a federal element is not, on its own, enough "to open the 'arising under' door." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)). The purpose of this federal question doctrine is to allow "[federal courts] to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues[.]" *Grable*, 545 U.S. at 312.

The burden of establishing federal question jurisdiction lies with the party that sought removal to the federal court in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Where doubt regarding the right to removal exists, a case should be remanded to state court," because "it is well established that the plaintiff is master of her complaint and can plead to avoid federal jurisdiction." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (footnotes omitted).

**III. DISCUSSION**

Here, plaintiff argues his state law claims do not arise under federal law. Defendant contends plaintiff's third claim asserting state common law wrongful termination raises the type of federal question that does invoke this court's jurisdiction under section 1331. Specifically, defendant argues federal courts have a vested interest in hearing this claim because the ultimate result could expand the reach of the Federal Railroad Safety Act (FRSA) beyond what Congress intended. *See generally* Def.'s Opp'n, EFC No. 8. The court first explains why plaintiff's citation to the FRSA in his complaint alone does

not invoke this court's jurisdiction, and then addresses why defendant's broader argument of a vested federal interest in the outcome of this case is effectively a defense and thus does not confer federal question jurisdiction.

### A. Plaintiff's Citation to Federal Policy as the Basis for a State *Tameny* Claim Does Not Invoke Federal Question Jurisdiction.

Basing a state law claim on a federal public policy does not by itself invoke federal question jurisdiction. As the Ninth Circuit has explained, when state and not federal law underlies a claim, referencing federal policy in the complaint does not transform the state claim into a federal claim for relief. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346-47 (1996) (plaintiff's reliance on the federal policy embodied in Title VII as a basis for a state wrongful discharge claim did not create federal-question jurisdiction); *see also Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir. 1997) (plaintiff's reliance on federal False Claims Act as basis for a state wrongful termination claim did not raise federal question jurisdiction).

Here, plaintiff's citation to the FRSA in his wrongful termination claim does not give this court jurisdiction over the claim. Plaintiff's wrongful termination allegations, stating what is known as a *Tameny* claim, articulate a state common law claim that requires plaintiff to prove his employer fired him for a reason that violates some well-established "public policy." *See Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 172 (1980); *Foley v. Interactive Data Corp*, 47 Cal. 3d 654, 668 (1988). As such, one of the elements of the claim requires plaintiff identify the particular public policy his employer violated. *See Tameny*, 27 Cal. 3d at 164. In his complaint, plaintiff bases his *Tameny* claim on three sources of public policy: that embodied in California Labor Code section 132(a); "the public policy of the state of California"[1]; and the federal public policy contained in the FRSA, 49 U.S.C. § 20109. Compl. ¶ 28. As in *Rains*, 80 F.3d at 343-44, 347, and *Campbell*, 123 F.3d at 1315, in which the plaintiffs' citation to federal public policy for their state wrongful termination claims did not invoke federal question jurisdiction, here plain-

---

[1] Plaintiff's complaint does not clarify what specific policy "the public policy of California" encompasses. Compl. ¶ 28. In reply, plaintiff alludes to the public policies contained in "Labor Code sections 98.6, 6400 et seq., and California Constitution, Article XIV," Reply at 4 n.2, but because this additional information is not pled in plaintiff's complaint, the court does not consider it here.

tiff's citation to the FRSA to support his *Tameny* claim does not render the claim a federal claim for relief.

At hearing, defendant conceded as much, that a mere citation to the FRSA as one of several bases for a *Tameny* claim is insufficient to invoke federal jurisdiction. *See also* Def.'s Opp'n at 4-5. Defendant argues, however, the state law bases on which plaintiff relies are inadequate under California law, and their inclusion in the complaint was merely plaintiff's artful attempt to plead around the claim's exclusive reliance on federal policy. *See* Def.'s Opp'n at 4-5. As discussed below, defendant's argument effectively raises a defense, and the court does not entertain defenses at this stage of the proceedings. Plaintiff's citation to the FRSA as one basis for his *Tameny* claim is not sufficient to invoke federal question jurisdiction.

### B. Defendant's Potential Defenses Do Not Confer on this Court Federal Question Jurisdiction.

At this jurisdictional phase of the proceedings, the court limits itself to the face of plaintiff's complaint, and does not examine potential defenses to establish jurisdiction. *See Vaden*, 556 U.S. at 60; *Franchise Tax Bd. of Cal.*, 463 U.S. at 10. This is because the plaintiff is the master of his complaint and he may "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Although jurisdiction may not always be clear from the face of a complaint, "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090.

Here, the federal questions defendant poses as creating a jurisdictional hook are in effect legal defenses and cannot serve as the basis for this court's jurisdiction. The first federal question defendant poses asks whether allowing plaintiff to tie his *Tameny* claim to FRSA's public policy would extend the FRSA beyond the scope Congress intended. Def.'s Opp'n at 3-6. In posing this question, defendant attacks the state bases for plaintiff's *Tameny* claim under California law and declares the only true basis lies in the FRSA. *Id.* Defendant then points out the procedural and remedial limits in the FRSA that plaintiff could circumvent by tethering his *Tameny* claim to it. *Id.* This circumvention of Congress's carefully crafted statutory limitations, defendant asserts, raises an important question a federal court has a vested interest in deciding. *Id.* The second federal question defendant poses is whether courts should even allow the FRSA to be identified as a "public policy" in the plead-

5

ing of a *Tameny* claim, because the FRSA applies only to "common carriers" and therefore is not truly a "public" policy. *Id*. at 7.

Examined closely, defendant's federal questions are in fact veiled defenses. To arrive at the questions defendant poses, this court would first need to find plaintiff's state law bases for his *Tameny* claim inadequate under California law. Making that determination would require the court to interpret the California Court of Appeals' decision in *Dutra v. Mercy Medical Center Mt. Shasta*, 209 Cal.App.4th 750, 755 (2012). In *Dutra*, plaintiff Michelle Dutra brought a *Tameny* action against her former employer, alleging her termination was in retaliation for her decision to file a worker's compensation claim. *Id*. at 753. Dutra tethered her *Tameny* claim to the public policy codified at Labor Code section 132(a). *Id.* The court of appeals affirmed the trial court's dismissal of Dutra's *Tameny* claim on the basis that the Workers' Compensation Appeals Board has exclusive jurisdiction to adjudicate claims based on Labor Code section 132(a). *Id.*

Defendant argues *Dutra* forbids plaintiff from relying on California Labor Code section 132(a) as the basis for a *Tameny* claim, but plaintiff distinguishes his case from that of the plaintiff in *Dutra,* and contends the precedent does not apply. *See* Pl.'s Mot. at 3-4, Def.'s Opp'n at 4-5. Although defendant raises a plausible argument, a motion to remand is not an appropriate forum for such substantive legal analysis.

Defendant has failed to meet his burden to establish federal question jurisdiction. Both parties agree federal jurisdiction over plaintiff's third claim is a predicate to federal jurisdiction over plaintiff's remaining state law claims. *See* Pl.'s Mot. at 3-4; Def.'s Opp'n at 1-2. Accordingly, plaintiff's motion to remand will be granted.

**IV. CONCLUSION**

Plaintiff's motion to remand is GRANTED. This order resolves ECF No. 3. CASE CLOSED.

IT IS SO ORDERED.

DATED: November 30, 2016.

_____
UNITED STATES DISTRICT JUDGE